**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4085**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELIJAH STEVARUS HALLMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:19-cr-00007-MOC-DCK-1)

Submitted:  November 17, 2020                    Decided:  November 19, 2020

Before MOTZ and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard L. Brown, Jr., LAW OFFICES OF RICHARD L. BROWN, JR., Monroe, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elijah Stevarus Hallman appeals the criminal judgment imposed after a jury convicted him of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); two counts of substantive Hobbs Act robbery, and aiding and abetting, in violation of 18 U.S.C. §§ 1951, 2; and two counts of using, carrying, and brandishing a firearm in relation to the two Hobbs Act robbery charges, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("§ 924(c) counts"). Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that the district court erred when it denied Hallman's Fed. R. Crim. P. 29 motion for a judgment of acquittal. Hallman was advised of his right to file a pro se supplemental brief and has done so.[*] The Government has not filed a response brief. After reviewing the district court record, we affirm.

We review de novo the sufficiency of the evidence supporting a conviction. *United States v. Ath*, 951 F.3d 179, 185 (4th Cir.), *cert. denied*, 140 S. Ct. 2790 (2020). In assessing evidentiary sufficiency, we must determine whether, viewing the evidence in the light most favorable to the Government and accepting the factfinder's credibility determinations, there is substantial evidence supporting the verdict—that is, "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. King*, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted); *see United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018) (reiterating that this court "must sustain a guilty verdict if,

---

[*] Upon review, we find the issues raised in Hallman's pro se brief lack merit.

viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence").

Viewed in the light most favorable to the Government, we conclude that substantial evidence supports the jury's guilty verdict in this case. Specifically, the other individual involved in the charged offenses testified against Hallman. Through this witness, the Government established that Hallman, acting in concert with this person, plotted to rob two fast food restaurants—a McDonald's and a Wendy's—and executed the plan as designed. This plan included that, at each restaurant, Hallman's cohort would engage the restaurant employee at the drive-thru window; near the conclusion of the transaction, Hallman would approach the drive-thru window and, while brandishing a firearm at the employee, demand money. At the beginning of the trial, the parties stipulated that the involved restaurants were engaged in interstate commerce and that the robberies obstructed or affected interstate commerce. Considered on the whole, we conclude that the trial evidence was sufficient to support Hallman's convictions. *See United States v. Reed*, 780 F.3d 260, 271 (4th Cir. 2015) (stating elements of Hobbs Act robbery); *United States v. Strayhorn*, 743 F.3d 917, 922, 925 (4th Cir. 2014) (stating elements of Hobbs Act conspiracy and § 924(c)(1) firearm charge); *see also* 18 U.S.C. § 924(c)(4) (defining brandishing); 18 U.S.C. § 2(a) (addressing liability for aiding and abetting); *United States v. Tillery*, 702 F.3d 170, 174 (4th Cir. 2012) (addressing jurisdictional element of Hobbs Act robbery).

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's criminal judgment. This court requires that counsel inform Hallman, in writing, of the right to

3

petition the Supreme Court of the United States for further review. If Hallman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hallman. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*